HALL, Respondent, v. HALL, Appellant.

St. Louis Court of Appeals, March 13, 1906.

DIVORCE: Indignities. In an action by the wife for divorce on the ground of indignities, proof that the husband was on intimate terms with women of bad character, visited them and corresponded with them, was sufficient to warrant a decree for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Taylor R. Young* and *Frank H. Haskins* for appellant.

*Rassieur & Buder* for respondent.

GOODE, J.—The parties to this action for a divorce were married March 22, 1897, and separated finally September 17, 1903. Several previous separations had occurred, followed by reconciliations. In her petition plaintiff alleges five grievances: Indignities received from defendant which rendered her condition intolerable; that he had committed adultery; that since August 14, 1902, he had failed to support her; that within the year before the suit was brought he had corresponded with a waitress in a restaurant and given her money, and that within two years of the bringing of the suit he had sustained intimate relations with women unknown to plaintiff.

The answer was a general denial.

The court found the issue of adultery for defendant and the other issues for plaintiff and adjudged that she be divorced from defendant and that he pay her twenty dollars a month alimony.

Defendant appealed and assigns for error that the evidence of misconduct on his part justified no decree of divorce. We think it did. Defendant's own statements on the witness stand proved he had resorted to wine-rooms in St. Louis with two waitresses and had drunk liquor with them in such places; that he had given one of them money and had carried on a correspondence with the other. The letters written to him were put in evidence, and though they do not positively show his relations with her had been criminal, they do show they were unduly intimate and familiar. A letter or two written to defendant by a woman of low character in Lexington, Kentucky, were introduced. This woman had lived in St. Louis where defendant knew her. Defendant owned a house in Belleville, Illinois, which was rented to a

woman who kept it as a brothel. There was testimony that defendant frequently visited the place, was on intimate, if not criminally intimate, terms with the keeper, and that he had visited a similar resort kept by her in St. Louis before she went to Belleville. A policeman of the latter place testified to finding defendant intoxicated on the street at a late hour one night and, on being asked where he wanted to go, defendant said he wanted to go home, gave as his home the bawdy-house kept by his tenant and was taken there. There was evidence tending to prove defendant had a venereal disorder while plaintiff and he were living together and that plaintiff, though aware that he was diseased, did not then know the nature of his ailment. Plaintiff left him on finding the letters written to him which showed he had been engaged in a correspondence with the waitress. Defendant gave his version of the relations between him and his wife, and if it was true, she was quarrelsome and unreasonable. He explained his visits to the Belleville bawdy-house by saying he went there as landlord to get the tenant out and terminate the immoral use of the house. He denied that a criminal intimacy had existed between him and the women with whom he corresponded. The trial court must have believed the testimony for the plaintiff and that it showed improper conduct on defendant's part which, in law, constituted intolerable indignities. A perusal of the evidence has not convinced us that the lower court erred in its conclusions. On the contrary, we think the findings were lenient to defendant and that his conduct was ground for a divorce. Whether he had been guilty of adultery or not, his corresponding and consorting with other women in a low way, and drinking whiskey with them in wine-rooms, were such indignities as the law did not compel plaintiff to bear. The letters show defendant's relations to those women, if not lewd, were so coarse and intimate as to be incompatible with respect for plaintiff and for his conjugal duties. No virtuous wife could endure such behavior without suffering constant misery.

It amounted to that sort of cruelty which constitutes an indignity within the meaning of our divorce law. [Goodman v. Goodman, 80 Mo. App. 274, 281.] The length of time during which defendant maintained improper relations with women was not shown; but as those relations included several different women and different times, the contention that the indignities complained of were isolated instead of frequent, is untenable. We are satisfied that plaintiff was an innocent and injured wife and defendant a grossly culpable husband. Therefore, we order that the judgment be affirmed. All concur.